UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD WALKER,

        Plaintiff,                        Civil Action No. 4:15-11789

v.                                         Honorable Linda V. Parker

WAYNE COUNTY PROSECUTOR'S
OFFICE, ASSISTANT PROSECUTOR
NANCY WESTVELD, JUDGE KYM L.
WORTHY, ATTORNEY WILLIAM
WINTERS III, DETROIT POLICE
DEPARTMENT, OFFICER RAPHAEL
CLEMENTS, OFFICER DANIEL VICKERS,
ANTHONY LYONS, OFFICER STANLEY KROPIK

        Defendants,
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT

On May 18, 2015, Plaintiff Reginald Walker ("Plaintiff") filed a pro se civil rights complaint against Defendants pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan. For the reasons set forth below, the Court concludes that Plaintiff's Complaint must be summarily dismissed. The Court also concludes that an appeal from this decision cannot be taken in good faith.

### Plaintiff's Complaint

On April 11, 2000, City of Detroit police officers arrested Plaintiff in connection with a murder investigation. Plaintiff claims that the officers who are

named as Defendants violated his Fourth Amendment rights by arresting him without a warrant at the home of Barbara Jones, where he was staying as an overnight guest. Plaintiff was charged with the murder of Larry John Troup.

On March 1, 2001, Plaintiff was convicted of first-degree murder and felony-firearm following a jury trial in the Circuit Court for Wayne County, Michigan. Defendant Kym L. Worthy was the judge who presided over Plaintiff's trial. Plaintiff claims that Wayne County prosecutors, including Defendant Assistant Prosecutor Nancy Westveld, presented perjured testimony at the preliminary examination to obtain a bind over and later at trial to obtain Plaintiff's conviction. Plaintiff further claims that the prosecutors suppressed exculpatory evidence. Plaintiff asserts that his attorney, Defendant William L. Winters, III, was ineffective for failing to present an insanity defense.

Plaintiff's conviction was affirmed by the state appellate courts. *See People v. Walker*, No. 249406, 2005 WL 657727 (Mich. Ct. App. Mar. 22, 2005), *appeal denied*, 703 N.W.2d 815 (2005). He sought federal habeas relief, which was denied by the district court. *See Walker v. McQuiggin*, No. 06-15686, 2010 WL 200813 (E.D. Mich. Jan. 14, 2010). However, the Sixth Circuit Court of Appeals reversed the district court and granted the writ of habeas corpus, finding that trial counsel had been ineffective for failing to investigate and present an insanity

defense. *Walker v. Hoffner*, 534 F. App'x. 406, 407 (6th Cir. 2013); *cert. denied*, 134 S. Ct. 1025 (2014).

In lieu of opting for a retrial, Plaintiff pleaded guilty to a reduced charge of second-degree murder and felony-firearm. Plaintiff was sentenced to terms of imprisonment of fifteen to thirty years on the murder conviction and two years on the felony-firearm conviction.[1]

## Standard of Review

In this action, Plaintiff has been granted leave to proceed without prepayment of the filing fee under 28 § U.S.C. 1915(a). (ECF No. 6.) Pursuant to § 1915, the Court is required to dismiss any action brought by a plaintiff proceeding in forma pauperis if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). Moreover, the Prison Litigation Reform Act requires the Court to initially screen any complaint filed by a prisoner regardless of any filing fee paid, and to sua sponte dismiss any complaint the Court determines is frivolous, malicious, or fails to state a claim

---

[1] The Court obtained some of this information from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), of which the Court is permitted to take judicial notice. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004).

upon which relief can be granted, or that seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

The Court must read a pro se complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). All complaints, however, must plead facts sufficient to show that a legal wrong has been committed from which the plaintiff may be granted relief. *See* Fed. R. Civ. P. 12(b)(6). A complaint need not contain "detailed factual allegations," however, a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

## Analysis

Plaintiff's Complaint is subject to dismissal under §§ 1915(e)(2) and 1915A for several reasons.

First, the Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state waived its immunity and consented to suit, or Congress has abrogated that immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to be sued for civil rights actions in federal court, *see Abick v. Michigan*, 803 F.2d 874,

877 (6th Cir. 1986), nor did Congress abrogate Eleventh Amendment immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The Michigan Supreme Court and its lower courts operate as arms of the state, and thus enjoy the same sovereign immunity as the State of Michigan. *See Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010). Eleventh Amendment immunity likewise applies to state employees sued in their official capacities. *See Colvin v. Caruso*, 605 F. 3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F. 3d 334, 344 (6th Cir. 2009)).

Next, absolute judicial immunity and § 1983 shield Defendant Worthy from Plaintiff's claims. The United States Supreme Court has held that judges are absolutely immune from damages suits arising from "acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). This is because the principle of independent judicial decision-making "is so important to our system of jurisprudence that judicial immunity even extends to allegations of judicial acts done incorrectly, maliciously or corruptly." *King v. Caruso*, 542 F. Supp. 2d 703, 728 (E.D. Mich. 2008) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). Judges are "absolutely immune from liability for [their] judicial acts even if [their] exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). There are only two instances where judicial immunity will not apply: (1) the judge acts in a non-

5

judicial capacity; or (2) the judge acts in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  A judge acts in the complete absence of all jurisdiction only if a matter was clearly outside the court's subject matter jurisdiction.  *King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985).  This immunity extends to state and federal judges alike and it applies to actions alleging a violation of the United States Constitution.  *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983).

The 1996 amendments to § 1983 also extended absolute immunity for state judges to requests for injunctive or equitable relief.  *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Coleman v. Governor of Michigan*, 413 F. App'x 866, 873 (6th Cir. 2011).

Plaintiff's allegations against Defendant Worthy relate only to her actions presiding over Plaintiff's criminal trial.  Neither of the exceptions to judicial immunity applies in this case.  Accordingly, judicial immunity bars Plaintiff's action against Defendant Worthy.

Further, "[a]bsolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability."  *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000).  A prosecutor has absolute immunity

for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Sixth Circuit has explained:

> Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. By contrast, a prosecutor who performs the investigative functions normally performed by a detective or police officer such as searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested is entitled only at most to qualified immunity.

*Cooper*, 203 F.3d at 947 (internal quotation marks and citations omitted). As with judicial immunity, the motives of the prosecutor are irrelevant for purposes of immunity. *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003). Indeed, absolute prosecutorial immunity is not overcome by a showing that the prosecutor acted wrongfully or maliciously. *Grant v. Hollenbach*, 870 F. 2d 1135, 1138 (6th Cir. 1989).

The Wayne County Prosecutor's Office and Assistant Prosecutor Nancy Westveld therefore are absolutely immune from liability for their actions in prosecuting Plaintiff. This is so regardless of the fact that the Sixth Circuit subsequently set aside Plaintiff's first-degree murder conviction. *See, e.g. Ziegler v. Michigan,* 59 F. App'x. 622, 623-624 (6th Cir. 2003) (holding that the prosecutor was entitled to absolute immunity on the prisoner's § 1983 civil rights claims even though the prisoner's conviction was later reversed on the ground that

the trial court judge had not adequately discussed the ramifications of self-representation with prisoner).

Next, Plaintiff's claim against Defendant William L. Winters, his court appointed attorney in the criminal case, must be dismissed because it fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. A viable § 1983 claim requires proof of "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). "It is well-settled that a lawyer representing a client is not a state actor 'under color of law' within the meaning of § 1983." *Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 & n.7 (1998); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998)). "[E]ven though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." *Briscoe v. Lahue*, 460 U.S. 325, 329, n.6 (1983) (internal citations omitted); *see also Floyd v. Cnty. of Kent,* 454 F. App'x. 493, 497 (6th Cir. 2012) (holding that a public defender could not be liable in § 1983 suit for ineffective assistance of counsel brought by his former client, as he did not act

under color of state law when performing traditional functions as counsel for the accused). Plaintiff's Complaint therefore must be dismissed against Defendant Winters.

Finally, Plaintiff's Complaint against the Detroit Police Department and the individual officers based on his alleged illegal arrest is subject to dismissal because he fails to allege that he suffered any injury as a result of his arrest other than the fact the he subsequently was convicted. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court articulated that civil actions "are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id*. at 485. The Court therefore held that a claim for damages, which if decided in the plaintiff's favor "would necessarily imply the invalidity of his conviction or sentence," is not cognizable under § 1983. *Id*. at 487. The Court recognized, however, that "the district court must consider whether a [civil] judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction . . . [and if it would not], the action should be allowed to proceed in the absence of some other bar to the suit." *Id*.

Not every civil judgment will imply the invalidity of the underlying criminal conviction because "doctrines like independent source and inevitable discovery, and especially harmless error" allow a court to recognize a constitutional violation while upholding the conviction itself as constitutional. *Id*. at 487 n. 7 (citations

9

omitted). The Sixth Circuit has held that a plaintiff's § 1983 claim based on the defendants' alleged warrantless entry into his home "would not 'imply the invalidity of his conviction or sentence.' " *Cummings v. City of Akron*, 418 F.3d 676, 684 (6th Cir. 2005) (quoting *Heck*, 512 U.S. at 487). This was because the plaintiff's conviction in that case could not be disturbed whether he was legally or illegally seized. *Id*.

To state a viable § 1983 claim based on an alleged unlawful arrest, however, the plaintiff must show that his seizure was illegal *and*, if it was, that he suffered a compensable injury. *Id*. (citing *Braxton v. Scott*, 905 F. Supp. 455, 458 (N.D. Ohio 1995) (quoting *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396 (6th Cir. 1999)) ("Fourth amendment claims under § 1983 may be brought without setting aside the conviction only if success would not undermine the conviction and if the plaintiff alleges a compensable injury other than the conviction."). As the Supreme Court noted in *Heck*:

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which . . . does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

512 U.S. at 487 n.7 (internal citations omitted).

In his Complaint, Plaintiff alleges that the defendant officers entered Barbara Jones' home, without a warrant, in order to arrest him. He has not alleged any facts indicating that such conduct caused him "actual compensable injury" other than the injury of being convicted and imprisoned on the criminal charges on which he was arrested. As such, his claim against the officers and police department is barred by *Heck*. This is so even though Plaintiff's original first-degree murder conviction was vacated, as his subsequent guilty plea to the lesser offense of second-degree murder established that there was probable cause for his arrest. *See, e.g. Barnes v. Wright,* 449 F. 3d 709, 716-17 (6th Cir. 2006).

The Court notes that Plaintiff's Complaint is further subject to dismissal to the extent he is seeking to have his criminal conviction for second-degree murder vacated or set aside. Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). A plaintiff cannot seek injunctive relief relating to his criminal conviction in a § 1983 action. *Nelson v. Campbell,* 541 U.S. 637, 643 (2004). Instead, "§ 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks

injunctive relief challenging the fact of his conviction or the duration of his sentence." *Id*.

Moreover, to the extent Plaintiff is asking this Court to reverse his current criminal conviction, his Complaint would stand in habeas corpus and the current defendants would not be the proper respondent. *See Urrutia v. Harrisburg Cnty. Police Dep't,* 91 F. 3d 451, 462 (3rd Cir. 1996) (citing Rule 2(a), Rules Governing § 2254 Cases). The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.

Finally, to the extent Plaintiff is seeking to be released from custody and his action should have been filed as a petition for a writ of habeas corpus rather than a civil rights suit under § 1983, the Court may not convert the matter to a petition for a writ of habeas corpus. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.*

## Conclusion

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted and several defendants named in Plaintiff's Complaint are immune from suit.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. The Court also concludes that an appeal from this order cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

                                              s/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: July 15, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 15, 2015, by electronic and/or U.S. First Class mail.

                                              s/ Richard Loury
                                              Case Manager